UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE D. JOHNSON, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>QUEEN ELIZABETH, UNITED NATIONS,<br>ANGELA BYERS, PRESIDENT BIDEN,<br>PRESIDENT TRUMP, PRESIDENT OBAMA,<br>and VICE PRESIDENT KAMALA HARRIS,<br><br>    Defendants. | Case No. 21-cv-352-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clarence D. Johnson, Jr.'s motion for leave to proceed *in forma pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Johnson's affidavit that he is indigent. However, Johnson's

complaint is unintelligible—a veritable word-salad with several phone numbers thrown in.  The Court is unable to discern any factual allegations of actions by the defendants or possible cause of action Johnson might be trying to plead.  It therefore finds this action is frivolous and fails to state a claim.

Because the complaint's shortcomings are existential, not just a failure to plead sufficient facts that can be remedied by adding more details, the Court declines to give Johnson an opportunity to amend.[1]  The Court is not required to grant leave to amend a frivolous complaint where doing so would be futile.  *Holland v. City of Gary*, 503 Fed. Appx. 476, 477 (7th Cir. 2013) (citing *Neitzke*, 490 U.S. at 327-28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Instead, the Court **DENIES** Johnson's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further **ORDERS** Johnson to pay to the Clerk of Court the full filing fee of $402.00, which he incurred when he filed this lawsuit, within 30 days of entry of this order.  Should he fail to comply with this order, the Court will consider imposing sanctions.

This is the third frivolous lawsuit Johnson has filed in this district in recent months.  *See*

---

[1] It appears Johnson is developing a habit of filing nonsensical pleadings followed by meritless motions in this district.  *See Johnson v. U.S. Judges*, No. 20-cv-832-NJR; *Johnson v. Watson*, No. 20-cv-792-SPM (Oct. 21, 2020, Order at 2 (Doc. 19); finding Johnson's filings "are best characterized as the product of a confused mind vainly attempting to state in a coherent way that which is vexing him" and that further efforts to allow Johnson to amend his complaint "would be hopelessly futile").  The Court is not inclined to allow an opportunity to amend in this case in light of Johnson's failure in these other cases to compose a comprehensible pleading and the avalanche of meritless motions that he may file if time to amend is allowed.

*Johnson v. U.S. Judges*, No. 20-cv-832-NJR; *Johnson v. Watson*, No. 20-cv-792-SPM. In an order dated October 20, 2020, in the earlier of the previous cases, District Judge Stephen P. McGlynn warned Johnson that if he continued to file frivolous lawsuits, the Court would consider banning Johnson from future filings. The Court now **WARNS** Johnson that if he again files a frivolous lawsuit, the Court <u>will</u> impose an appropriate financial sanction pursuant to Federal Rule of Civil Procedure 11 and will bar Johnson from filing anything more until he pays that sanction. *See Support Syst. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED: April 2, 2021**

                                                                     <u>s/ J. Phil Gilbert</u>
                                                                     **J. PHIL GILBERT**
                                                                     **DISTRICT JUDGE**